**WHOLE COURT**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 2, 2015**

# In the Court of Appeals of Georgia

A14A0168. CASTELLANOS v. TRAVELERS HOME & MARINE
    INSURANCE COMPANY.

ELLINGTON, Presiding Judge.

In this uninsured motorist coverage case, the trial court granted Travelers Home & Marine Insurance Company's motion for summary judgment and denied Luis Castellanos' motion for summary judgment, and Castellanos appealed both rulings. In *Castellanos v. Travelers Home & Marine Ins. Co.*, 328 Ga. App. 674 (760 SE2d 226) (2014), we reversed the trial court's decision, in part, to the extent it entered summary judgment in Travelers' favor (Division 1) and affirmed, in part, to the extent it denied Castellanos' motion (Division 2). The Supreme Court of Georgia granted Travelers' petition for a writ of certiorari regarding Division 1 of our

decision[1] and reversed in *Travelers Home & Marine Ins. Co. v. Castellanos*, 297 Ga. 174 (773 SE2d 184) (2015). Accordingly, our previous decision is vacated, and the judgment of the Supreme Court is made the judgment of this Court. The trial court's order granting Travelers' motion for summary judgment is affirmed. The trial court's order denying Castellanos' motion for summary judgment is also affirmed.

*Judgment affirmed. Andrews, P.J., Barnes, P.J., Phipps, P. J., McFadden, Ray, and McMillian, JJ., concur.*

---

[1] The Supreme Court indicated that it was particularly concerned with whether the majority of this Court "properly analyze[d] which party has the burden of proving that uninsured motorist coverage applies in order to survive summary judgment[.]" See *Castellanos v. Travelers Home & Marine Ins. Co.*, 328 Ga. App. at 676-680 (1) (concluding that, in granting Travelers' motion for summary judgment – on the basis that Castellanos failed to identify any evidence that the tortfeasor's liability carrier had reasonably requested the tortfeasor's cooperation, that the tortfeasor had willfully and intentionally failed to cooperate, that his failure to cooperate was prejudicial to the liability carrier, and that his justification for failing to respond was insufficient – the trial court had improperly shifted to Castellanos the burden of coming forward with evidence to preemptively rebut Travelers' affirmative defense that the liability carrier had not "legally denied" coverage to the tortfeasor).